IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| RYAN A. JACKLIN, #13637-025, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | Case No. 20-cv-00970-JPG |
| | ) | |
| USA, | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM & ORDER

**GILBERT, District Judge:**

Plaintiff Ryan A. Jacklin, an inmate at the Federal Correctional Institution in Greenville, Illinois ("FCI-Greenville"), brings this action seeking the return of property seized from him in connection with the criminal proceedings that resulted in his conviction in this District. *See United States v. Jacklin*, Case No. 17-cr-40026-JPG (S.D. Ill.) ("criminal case"). After pleading guilty to charges of conspiracy to manufacture, possess, and distribute methamphetamines, Plaintiff was sentenced to a total of 204 months of imprisonment and 5 years of supervised release.[1] (Doc. 54, criminal case). He was ordered to pay a $300 special assessment and a $300 fine. *Id.* He now seeks an Order directing the Government to return all property seized from him on September 12, 2016, with certain exceptions discussed below. (Doc. 1) (FED. R. CRIM. P. 41(g)).

This matter is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A, which provides:

(a) **Screening.** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner

---

[1] This includes 144 months of imprisonment for possession with intent to distribute methamphetamines in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) (Count 1) and conspiracy to manufacture and distribute methamphetamines in violation of 21 U.S.C. § 846 (Count 4). This also includes 60 months for possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c) (Count 3).

>    seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) **Grounds for Dismissal.** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
>
>    (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>    (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.  An action or claim is frivolous if "it lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 US. 662, 677 (2009).

Upon review of this matter, the Court finds that Plaintiff's Complaint should receive further review.

## The Complaint

In the Complaint, Plaintiff requests that all property seized by the Government on September 12, 2016, be returned to him pursuant to Federal Rule of Criminal Procedure 41(g).  Although he provides no list of the property that he seeks to have returned, Plaintiff explicitly excludes from this request the methamphetamines, firearm(s), heroin-fentanyl, and steroids seized on that date.  (Doc. 1).  Plaintiff originally filed the Rule 41(g) motion in his criminal case on September 2, 2020.  (Doc. 58, criminal case).  The Government responded the following day, indicating that it did not possess any of Plaintiff's property.  (Doc. 59, criminal case).  The Court dismissed Plaintiff's Rule 41(g) motion without prejudice as improperly filed in the criminal case

on September 21, 2020, and directed the Clerk of Court to refile it as a separate civil case. (Doc. 61, criminal case) (citing 28 U.S.C. § 1915(a)). The Rule 41(g) motion was refiled as a Complaint herein. (Doc. 1).

## Discussion

Federal Rule of Criminal Procedure 41(g) provides that a motion may be filed seeking return of property seized by the Government under the following circumstances:

> A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

*See* FED. R. CRIM. P. 41(g). When a criminal defendant files a Rule 41(g) motion, it should proceed as a civil matter. *See United States v. Norwood*, 602 F.3d 830, 832 (7th Cir. 2010); *United States v. Howell*, 354 F.3d 693, 695 (7th Cir. 2004). An action for the return of property filed by a prisoner is subject to the Prison Litigation Reform Act. *United States v. Shaaban*, 602 F.3d 877, 878-79 (7th Cir. 2010).

Plaintiff's Motion for Leave to Proceed *in forma pauperis* has been granted. (Doc. 10). At this stage, the Complaint is sufficient to state a claim for the return of Plaintiff's property under Rule 41(g). Accordingly, the claim shall receive further review.

## Disposition

**IT IS HEREBY ORDERED** that, for the reasons stated herein, this action shall **PROCEED**.

The Clerk of Court is **DIRECTED** to complete, on Plaintiff's behalf, a summons for service of process on the United States; the Clerk shall issue the completed summons. Pursuant to Federal Rule of Civil Procedure 4(i), the Clerk shall (1) personally deliver to or send by registered

or certified mail addressed to the civil process clerk at the Office of the United States Attorney for the Southern District of Illinois a copy of the summons, the Complaint (Doc. 1), and this Memorandum and Order; and (2) send by registered or certified mail to the Attorney General of the United States of Washington, D.C., a copy of the summons, the Complaint (Doc. 1), and this Memorandum and Order.

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon the United States Attorney for the Southern District of Illinois a copy of every pleading or other document submitted for consideration by this Court. Plaintiff shall include with the original paper to be filed a certificate stating the date that a true and correct copy of the document was mailed to the United States Attorney. Any paper received by a district judge or a magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** of his continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently

investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

    **IT IS SO ORDERED.**

    **DATED: 12/7/2020**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**

## Notice

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your complaint. It will likely take at least 60 days from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take 90 days or more. When all of the defendants have filed answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the Court.